WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tammy Klatz, | No. CV-17-02119-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Tammy Klatz's ("Plaintiff") appeal from the Social Security Commissioner's ("Commissioner") finding that Plaintiff was not disabled from her alleged onset date of June 20, 2012 until March 20, 2014. (Docs. 1 & 22). Both Plaintiff and the Commissioner agree that the Administrative Law Judge ("ALJ") erred; therefore, the only question before the Court is whether it should remand for further proceedings or for an award of benefits.

## I. Background

On June 25, 2012, Plaintiff protectively filed for Title II disability benefits alleging a disability onset of June 20, 2012. (Doc. 17 (citing AR 218–19)). After holding a hearing, the ALJ issued an unfavorable decision. (*Id.* (citing AR 38–48, 95–108)). Plaintiff appealed the ALJ's decision to the Appeals Council, who vacated the ALJ's decision and remanded the case. (*Id.* (citing AR 109–114)). On remand, the ALJ was:

> to update the record with additional available evidence relevant to the claimant's irritable bowel syndrome, give further consideration to the claimant's maximum residual functional capacity, reassess the claimant's

> need for unlimited access to a restroom in proximity, indicate with specificity the time the claimant may need to be in the restroom for each break, reassess the step four finding that the claimant is capable of performing her past relevant work, and obtain evidence from a vocational expert.

(*Id.*)

On remand, the ALJ held a second hearing, at which Plaintiff testified that she returned to "work after undergoing a permanent end colostomy" and, as a result, "requested a closed period of disability from her alleged onset date of June 20, 2012 through April 20, 2015." (*Id.* (citing AR 49–69)). The ALJ's decision was partially favorable, "establishing disability from March 20, 2014 through April 20, 2015." (*Id.* (citing AR 7–32)). Following Plaintiff's unsuccessful intra-agency appeals, the Commissioner adopted the ALJ's decision. (*Id.* (citing AR 1–6, 217, 338–43).

Plaintiff appealed to this Court, arguing that the ALJ erred and that the appropriate remedy was remand for an award of benefits for the period of June 20, 2012 through March 19, 2014 (for which the ALJ denied benefits), in addition to the March 20, 2014 to April 20, 2015 period (for which the ALJ awarded benefits). (*Id.*) The Commissioner agrees that the ALJ erred, and that the case should be remanded, but contends that the ALJ should conduct further proceedings, rather than award benefits. (Doc. 21).

**II.  Legal Standard**

Ordinarily, where an ALJ errs in denying benefits, the Court remands for further proceedings. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099–1100 (9th Cir. 2014). In "rare circumstances," however, the Court may remand for an award of benefits. *Id.* (quoting *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (internal quotation marks omitted)). Under the "credit-as-true" rule, remand for award of benefits is appropriate where three factors are satisfied. *Id.* at 1100–01. First, the ALJ must have "failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion." *Id.* Second, there must not be "outstanding issues that must be resolved before a determination of disability can be made" and "further administrative proceedings . . . [must not be] useful." *Id.* at 1101. "Administrative

proceedings are generally useful where the record has [not] been fully developed, there is a need to resolve conflicts and ambiguities, or the presentation of further evidence . . . may well prove enlightening in light of the passage of time." *Id.* (alterations in original) (internal quotation marks and citations omitted). Third, if both prior factors are satisfied, the Court will find "the relevant testimony credible as a matter of law," and then must "determine whether the record, taken as a whole, leaves not the slightest uncertainty as to the outcome of the proceeding." *Id.* (internal quotation marks and citations omitted). If all three factors are satisfied, the Court then has the discretion to remand for an award of benefits or for further proceedings. *Id.* at 1101–02.

In conducting this analysis, the Court will "review only issues which are argued specifically and distinctly in a party's opening brief." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (internal quotation marks and citation omitted); *accord Klain v. Comm'r of Soc. Sec. Admin.*, No. CV-16-04390-PHX-DGC, 2017 WL 6276370, at *2 (D. Ariz. Dec. 11, 2017) (compiling district court cases applying the *Independent Towers* standard to social security matters).

**III. Analysis**

Both parties agree that this case should be remanded to the ALJ. The only issue in dispute is whether it should be remanded for further proceedings, as advanced by the Commissioner, or remanded for an award of benefits, as argued by Plaintiff.

The Commissioner contends that Plaintiff waived her claim that the case should be remanded for an award of benefits because her opening brief failed to argue that further proceedings would not be useful. (Doc. 21 at 4–5). Plaintiff responds by arguing that "if there were any gaps or conflicts in the record, [P]laintiff would not argue that [remand for computation of benefits] was appropriate and her legal argument supports this contention." (Doc. 22 at 4).

While Plaintiff is correct that one could implicitly read her opening brief as raising the issue of whether further administrative proceedings would be useful, the Court will not permit such argument-by-implication. Requiring the Commissioner to divine

proceedings are generally useful where the record has [not] been fully developed, there is a need to resolve conflicts and ambiguities, or the presentation of further evidence . . . may well prove enlightening in light of the passage of time." *Id.* (alterations in original) (internal quotation marks and citations omitted). Third, if both prior factors are satisfied, the Court will find "the relevant testimony credible as a matter of law," and then must "determine whether the record, taken as a whole, leaves not the slightest uncertainty as to the outcome of the proceeding." *Id.* (internal quotation marks and citations omitted). If all three factors are satisfied, the Court then has the discretion to remand for an award of benefits or for further proceedings. *Id.* at 1101–02.

In conducting this analysis, the Court will "review only issues which are argued specifically and distinctly in a party's opening brief." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (internal quotation marks and citation omitted); *accord Klain v. Comm'r of Soc. Sec. Admin.*, No. CV-16-04390-PHX-DGC, 2017 WL 6276370, at *2 (D. Ariz. Dec. 11, 2017) (compiling district court cases applying the *Independent Towers* standard to social security matters).

**III. Analysis**

Both parties agree that this case should be remanded to the ALJ. The only issue in dispute is whether it should be remanded for further proceedings, as advanced by the Commissioner, or remanded for an award of benefits, as argued by Plaintiff.

The Commissioner contends that Plaintiff waived her claim that the case should be remanded for an award of benefits because her opening brief failed to argue that further proceedings would not be useful. (Doc. 21 at 4–5). Plaintiff responds by arguing that "if there were any gaps or conflicts in the record, [P]laintiff would not argue that [remand for computation of benefits] was appropriate and her legal argument supports this contention." (Doc. 22 at 4).

While Plaintiff is correct that one could implicitly read her opening brief as raising the issue of whether further administrative proceedings would be useful, the Court will not permit such argument-by-implication. Requiring the Commissioner to divine

Plaintiff's potential argument—in an effort to not waive its sole chance to respond—diminishes the efficiency and efficacy of the adversarial process. The requirement that Plaintiff explicate all necessary arguments in her opening brief is intensified here, where Plaintiff seeks for the Court to deviate from the normal practice of remanding for further proceedings. Accordingly, the Court finds that Plaintiff has waived the argument that remand for a computation of benefits is appropriate, because her opening brief did not specifically argue that further proceedings would not be useful.

The Commissioner provides a concise statement of what proceedings are required on remand:

> [T]he Appeals Council will affirm the finding that Klatz was disabled for the period of March 20, 2014, to April 20, 2015, limiting the scope of the remand to June 20, 2012, through March 19, 2014. The Appeals Council will direct the ALJ to reevaluate Klatz's symptom testimony, reassess Klatz's residual functional capacity, and, if warranted, obtain vocational expert testimony to help determine whether Klatz can return to any past relevant work or if she can perform other work existing in significant numbers. Additionally, the Appeals Council will direct the ALJ to obtain medical expert testimony to ensure that there is a medical basis for March 20, 2014, as the onset of Klatz's established disability.

(Doc. 21 at 2).

**IV. Conclusion**

Based on the foregoing,

**IT IS ORDERED** reversing the Commissioner and remanding for further administrative proceedings in accordance with this Order, and the Clerk of the Court shall enter judgment accordingly.

Dated this 28th day of August, 2018.

James A. Teilborg
Senior United States District Judge